J-A33036-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| JODI WEISS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| DR. PAUL LIEBER, | : | |
| | : | |
| Appellee | : | No. 666 WDA 2016 |

Appeal from the Judgment Entered May 18, 2016,
in the Court of Common Pleas of Allegheny County,
Civil Division, at No: GD 10-024404

BEFORE:    LAZARUS, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED JANUARY 31, 2017**

Jodi Weiss (Weiss) appeals from the judgment[1] entered on May 18, 2016, in favor of Dr. Paul Lieber (Lieber) and against her in this medical malpractice case.  After review, we affirm.

As this Court explained previously,

> In January of 2010, [Weiss] sought treatment for chronic back pain from Dr. Saloni Sharma, a physician employed at Rehabilitation and Pain Specialists, P.C. (Rehabilitation). Dr. Sharma prescribed a series of epidural steroid injections to relieve the pain. During the second injection, on February 22, 2010, Dr. Sharma injected steroids into [Weiss's] spine, as a result of which she experienced a severe spinal headache. She returned to Rehabilitation the next day, where physician assistant Melissa Kauffman diagnosed her with a spinal fluid leak. When more conservative treatment did not resolve her symptoms, [Weiss] returned for an epidural blood patch, which involves injecting a small amount of the individual's own blood

---

[1] Weiss purports to appeal from the order denying her motion for post-trial relief.  However, her appeal properly lies from the judgment entered May 18, 2016.  ***Jackson v. Kassab***, 812 A.2d 1233, 1233 n.1 (Pa. Super. 2002). We have amended the caption accordingly.

*Retired Senior Judge assigned to the Superior Court.

into the back to stop the spinal fluid leak. Appellee Lieber, physician and owner of Rehabilitation, performed the blood patch procedure at the Gamma Surgery Center on February 25, 2010. For this procedure [Weiss] signed a second consent form.[3] A witness and [Lieber] also signed it.

_____

[3] In pertinent part, the consent form which [Weiss] signed states:

2) The basic procedures of my surgery and the advantages and the disadvantages, risks and possible complications of alternative treatments have been explained to me by the doctor. Although it is impossible for the doctor to inform me of every possible complication that may occur, the doctor has answered all my questions to my satisfaction. As with ALL types of surgery, there is the possibility of other complications due to anesthesia, drugs, reactions, or other factors which may involve other parts of my body, including a possibility of brain damage or even death. I am aware that there is a possibility of a hospital transfer in an emergency situation. Since it is impossible to state every complication that may occur as a result of surgery, the list of complications is incomplete.

\* \* \*

13) **I AM STATING THAT I HAVE READ THIS CONSENT (OR IT HAS BEEN READ TO ME), AND I FULLY UNDERSTAND IT AND THE POSSIBLE RISKS, COMPLICATIONS AND BENEFITS THAT CAN RESULT FROM THE SURGERY. I ACCEPT ON BEHALF OF MYSELF AND/OR THIS PATIENT**

**ALL OF THE ITEMS LISTED IN THESE PARAGRAPHS.**

After the blood patch procedure, [Weiss] complained that her back condition worsened and she began to have pain in her legs. She went to UPMC Mercy Hospital, where she was diagnosed with arachnoiditis.[4] She underwent a laminectomy[5] and implantation of a spinal stimulator.[6]

_____

[4] Arachnoiditis is a pain disorder caused by the inflammation of the arachnoid, one of the membranes that surround and protect the nerves of the spinal cord. It can cause a number of symptoms, including numbness, tingling, and a characteristic stinging and burning pain in the lower back or legs, as well as debilitating muscle cramps, twitches, or spasms. It may also affect bladder, bowel, and sexual function. In severe cases, arachnoiditis may cause paralysis of the lower limbs. The disorder has no predictable pattern or severity of symptoms.

[5] Spinal laminectomy (also known as spinal decompression) involves the removal of the lamina [the arched bony roof of the spinal canal] (usually both sides) to increase the size of the spinal canal and relieve pressure on the spinal cord and nerve roots.

[6] Spinal cord stimulation is a treatment for back pain that uses a mild electric current to block nerve impulses in the spine.

[Weiss] filed a complaint [against Lieber] which originally alleged claims for professional negligence and lack of informed consent. Notably, however, by the time of trial all of [Weiss's]

claims of professional negligence had been withdrawn, and the trial proceeded solely on the claim of lack of informed consent.

***Weiss v. Rehab. & Pain Specialists P.C.***, 87 A.3d 382 (Pa. Super. 2013) (unpublished memorandum at 3-5) (citations and some footnotes omitted).

The matter proceeded to a jury trial on May 3, 2012. The jury returned a verdict in favor of Lieber, and Weiss filed an appeal with this Court. In that appeal, Weiss argued that the trial court erred in refusing to admit certain expert testimony and by failing to give a requested jury instruction on assumption of duty. On September 13, 2013, this Court vacated the judgment and remanded the case for a new trial "with direction to permit expert testimony, otherwise admissible, addressed to whether the blood patch procedure at issue here constituted [surgery as] set forth in sub-section 1303.504(a) of [Pennsylvania's Medical Care Availability and Reduction of Error Act (MCARE), 40 P.S. §§ 1303.501-1303.516], and [if so,] to identify the risks of that procedure, the alternatives to that procedure and the risks of those alternatives." ***Id.*** at 14.

After some delays,[2] the second trial in this matter commenced on January 13, 2016. On January 20, 2016, the jury once again returned a

---

[2] Following the issuance of this Court's September 13, 2013 memorandum, Weiss petitioned for reargument *en banc*, which was denied. ***See*** Order, 1307 WDA 2012, 11/08/2013. On December 9, 2013, Weiss filed a petition for allowance of appeal, which our Supreme Court denied on June 2, 2014. ***Weiss v. Rehab. & Pain Specialists P.C.***, 93 A.3d 463 (Pa. 2014). A second trial was scheduled; however, on May 22, 2015, following argument

- 4 -

verdict for Lieber, finding via special interrogatories that (1) the epidural blood patch procedure performed by Lieber on Weiss was not a "surgery" and (2) Lieber did not fail to obtain informed consent from Weiss before performing the epidural blood patch procedure. **See** Jury Interrogatory Sheets, 1/20/2016.

On February 1, 2016, Weiss filed a motion for post-trial relief, which was denied on April 19, 2016. This appeal followed. The trial court ordered Appellant to file a concise statement of errors complained of on appeal and one was filed. The trial court issued an opinion pursuant to Rule of Appellate Procedure 1925(a) on August 8, 2016.[3]

---

on various pretrial motions filed by both parties, the trial court granted summary judgment in favor of Lieber. **See** Trial Court Order, 5/22/2015. Weiss filed a notice of appeal with this Court, which was docketed at 969 WDA 2015. In addition, Weiss filed an application for relief at docket number 1307 WDA 2012, requesting that this Court enforce the previously entered remand order. We granted Weiss' application for relief and, by order dated August 10, 2015, vacated, *inter alia*, the trial court's May 22, 2015 order granting summary judgment and directed the trial court "to comply with this Court's decision in the case of **Weiss, supra** at 87 A.3d 382 (Pa. Super. 2013) (unpublished memorandum)[.]" Order, 1307 WDA 2012, 8/10/2015. On October 26, 2015, we dismissed the appeal docketed at 969 WDA 2015 due to Weiss' failure to file a brief. **See** Order, 969 WDA 2015, 10/26/2015.

[3] In his brief, Lieber urges this Court to dismiss the instant appeal or find that Weiss has waived her claims for failure to comply with the Rules of Appellate Procedure. Lieber's Brief at 12-17. While we agree that Weiss's brief violates the Rules of Appellate Procedure by (1) ignoring the font requirement, **see** Pa.R.A.P. 124(a)(4), and (2) including argument in her statement of the case, **see** Pa.R.A.P. 2117, these violations of the rules do not impede this Court's ability to conduct meaningful appellate review of the

Weiss presents the following questions for our review.

I. Whether the [trial] court erred in allowing testimony from all witnesses, that the procedure in question was not a "surgery" under Pennsylvania's MCARE law for informed consent?

II. Whether the trial court erred in not giving [Weiss] judgment notwithstanding the verdict or a directed verdict as the verdict was against the weight of the evidence?

III. Whether the trial court erred in allowing [Lieber's] expert Dr. Kabazie to testify beyond the scope of his report as to [Weiss's] prior back injuries, proximate cause, and whether [Weiss] was still suffering from arachnoiditis?

IV. Whether the trial court erred in not instructing the jury as to assumption of duty?

Weiss's Brief at 4 (issues renumbered for ease of disposition).

Weiss first contends that the trial court erred in allowing the admission of testimony that the epidural blood patch procedure was not a surgery under the MCARE Act and, therefore, did not require informed consent. Weiss's Brief at 24. Weiss further argues that it was improper and prejudicial to submit to the jury the question of whether the procedure performed herein was a surgery under MCARE. ***Id.***

---

issues raised. Thus, we deny Lieber's request. ***Booher v. Olczak***, 797 A.2d 342, 344 (Pa. Super. 2002).

Further, Lieber argues that Weiss's 13-page 1925(b) statement violates the mandates of that Rule, particularly the requirements that the statement be concise and specific. Lieber's Brief at 13; Pa.R.A.P. 1925(b)(4)(iv). However, because the trial court was able to ascertain and address the issues raised on appeal, Trial Court Opinion, 8/8/2016, at 2, we will not find waiver. ***See, Boehm v. Riversource Life Ins. Co.***, 117 A.3d 308, 319 n.3 (Pa. Super. 2015), appeal denied, 126 A.3d 1281 (Pa. 2015).

The MCARE Act requires consent to be obtained prior to, *inter alia*, "[p]erforming surgery, including the related administration of anesthesia." 40 P.S. § 1303.504(a)(1). The term "surgery" is left undefined by the Act; however, it is clear that "[e]**xpert testimony is required to determine whether the procedure constituted the type of procedure set forth in subsection (a)** and to identify the risks of that procedure, the alternatives to that procedure and the risks of these alternatives." 40 P.S. § 1303.504(c) (emphasis added). As noted above, in deciding the prior appeal in this matter, this Court determined that the threshold question of whether the blood patch procedure performed herein was a "surgery" under subsection 1303.504(a)(1) was one for the jury and remanded the case for a new trial, directing the lower court to permit testimony on this exact issue. ***Weiss***, 87 A.3d 382 (Pa. Super. 2013) (unpublished memorandum at 14). Thus, Weiss's argument that admission of this testimony was improper is unavailing. ***Neidert v. Charlie***, 143 A.3d 384, 390 (Pa. Super. 2016) (noting that "under the doctrine of the law of the case, when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling".).

We now turn to Weiss's contention that she is entitled to judgment notwithstanding the verdict.[4] Weiss's Brief at 23-26. Our standard of review is well-settled.

> A motion for judgment n.o.v. is a post-trial motion which requests the court to enter judgment in favor of the moving party. There are two bases on which the court can grant judgment n.o.v.:
>
>> [O]ne, the movant is entitled to judgment as a matter of law and/or two, the evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. With the first, the court reviews the record and concludes that even with all factual inferences decided adverse to the movant the law nonetheless requires a verdict in his favor, whereas with the second, the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.
>
> *Polett v. Public Communications, Inc.,* 83 A.3d 205, 212 (Pa. Super. 2013). In an appeal from the trial court's decision to deny judgment n.o.v.,
>
>> we must consider the evidence, together with all favorable inferences drawn therefrom, in a light most favorable to the verdict winner. Our standard of review when considering motions for a directed verdict and judgment notwithstanding the verdict are identical. We will reverse a trial court's grant or denial of a judgment notwithstanding the verdict only when we find an abuse of discretion or an error of law that controlled the outcome of the case.

---

[4] Weiss is confused as to the standard for granting a directed verdict or judgment n.o.v. in her question presented, she asserts that the trial court erred in not granting such because "the verdict was against the weight of the evidence." However, as outlined *infra.*, weight of the evidence is not the standard.

> Further, the standard of review for an appellate court is the same as that for a trial court.

*Id.* at 211.

***Drake Mfg. Co. v. Polyflow, Inc.***, 109 A.3d 250, 258–59 (Pa. Super. 2015).

Weiss argues that "[t]he jury could not logically and fairly decide what was told to [Weiss] was sufficient to obtain[] her informed consent" where the testimony of Lieber and his expert established that she was not warned of nerve damage before undergoing the blood patch procedure. Weiss's Brief at 19. However, Weiss's argument fails to take into account the fact that the jury determined, after hearing all the evidence, that the blood patch procedure performed by Lieber on Weiss was **not** a surgery, and as a result, informed consent was not necessary. *See* Jury Interrogatory Sheets, 1/20/2016.

The record reveals that, consistent with this Court's remand, the jury was presented with testimony from Alexander Weingarten, M.D., who testified on behalf of Weiss that the blood patch procedure was a "minor surgical procedure," explaining that while "it is not a major surgical procedure like you would use a scalpel and sutures for, but because you're trying to repair something to, you know, get rid of a problem, the headache. It is a minor surgical procedure." N.T., 1/15/2016, at 342-43. Conversely, the jury heard from defense expert Abraham John Kabazie, M.D., who

testified on Lieber's behalf that the blood patch procedure was "not a surgical procedure" because "surgical procedure involves cutting, it involves suture, and typically, typically surgeries are done with some sort of anesthetic, not always. But the blood patch, [and] epidural steroid injections involve no sutures, involve no cutting, and they are just not considered to be surgery." N.T., 1/19/2016, at 702-03.

Reviewing the evidence in the light most favorable to Lieber, as the verdict winner, we conclude that no abuse of discretion or error of law controlled the outcome of this case. The jury, sitting as factfinder, was free to resolve this conflicting evidence in Lieber's favor and determine that the blood patch procedure was not a surgery that would trigger the informed-consent protections of the MCARE Act. Therefore, we conclude that the trial court properly denied Weiss's motion for post-trial relief. **See Drake,** 109 A.3d at 258–59.[5]

In her final issue, Weiss contends that the trial court erred in failing to instruct the jury as to assumption of duty. Weiss's Brief at 15-16. However, this case proceeded to trial only on the cause of action of implied consent.[6]

---

[5] Because we resolved the foregoing issue on testimony of Dr. Kabazie unrelated to that which Weiss alleges was outside the scope of the expert's report, **see** Weiss's brief at 20-23, we need not address Weiss' third issue.

[6] As this Court has explained, "[t]here is no cause of action in Pennsylvania for negligent failure to gain informed consent." **Pomroy v. Hosp. of Univ. of Pennsylvania**, 105 A.3d 740, 746 (Pa. Super. 2014) (citation omitted).

Assumption of duty, *see* Restatement (Second) of Torts § 324A (1965), is a negligence theory. Accordingly, because section 324A was inapplicable in this case, the trial court did not err in refusing Weiss's request for a jury charge.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017